

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-58,262-03

### EX PARTE ROSALINO CASTRO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-1-W011935-1554677-A IN THE CRIMINAL DISTRICT COURT NO. 1 FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of one count of engaging in organized criminal activity and one count of unauthorized use of a motor vehicle. He was sentenced to forty-five years' and fifteen years' imprisonment. The Second Court of Appeals affirmed his conviction. *Castro v. State*, 02-18-00474-CR (Tex. App.—Ft. Worth Jan. 9, 2020)(not designated for publication). Applicant filed this application for a writ of habeas corpus, as well as a supplemental application, in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In multiple grounds, Applicant contends that trial counsel was ineffective. Counsel filed an affidavit, but after that affidavit was filed, a supplemental application for writ of habeas corpus adding two more allegations of ineffective assistance of counsel. The trial court has requested more

time to address these supplemental claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 27, 2021
Do not publish